IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30635
Conference Calendar
_____


MILTON L. SHUBBIE,

                                        Plaintiff-Appellant,

versus

LOUISIANA BOARD OF PARDONS
& PAROLE,

                                        Defendant-Appellee.


- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. CA-95-0321
- - - - - - - - - - -
(October 17, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Milton L. Shubbie filed a federal petition for writ of
habeas corpus, 28 U.S.C. § 2254, which the district court
dismissed without prejudice for lack of subject matter
jurisdiction because he was no longer in custody.  To the extent
that Shubbie alleged a civil rights violation, the district court
dismissed the complaint as barred by the applicable statute of
limitations.

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Shubbie has failed to raise or brief the statute of limitations issue and, therefore, it is considered abandoned. Evans v. City of Marlin, Tex., 986 F.2d 104, 106 n.1 (5th Cir. 1993). The appeal of his civil rights complaint is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.

Generally, a state petitioner must obtain a certificate of probable cause (CPC) to appeal the dismissal of a § 2254 petition. Fed. R. App. P. 22(b). In Louisiana v. Merriman, No. 92-4222 (5th Cir. July 23, 1995), this court ordered that "the Clerk is to accept no more appeals for or on behalf of [Milton L. Shubbie] that challenge the length or basis of [his] state custody. This is a sanction for appellant[]'s abuse of this court's procedures." Therefore, to the extent that Shubbie is challenging the basis of his state custody, he may not appeal the district court's dismissal of the petition. The motion for CPC is DENIED.

We bar Shubbie from filing any civil appeal in this court, or any initial pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court or of this court. The clerk of this court and the clerks of all federal district courts in this circuit are ordered to return, unfiled, any attempted submission inconsistent with this bar.